

**SIGNED this 05 day of November, 2010.**

_____
**John C. Cook**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR
### THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Russell H. Huston** | ) | **No. 09-17846** |
| | ) | **Chapter 7** |
| **Debtor** | ) | |

### M E M O R A N D U M

This case is before the court on the Miscellaneous Motion to Direct Distribution of Proceeds from the Sale of Real Property filed on behalf of Sharon H. Huston. The motion is opposed by Genesis Merchant Partners, L.P. (hereinafter "Genesis"). The primary issue to be decided is whether a mortgage granted in favor of Genesis that secures a limited guaranty executed by Ms. Huston is rendered invalid under the regulations implementing the Equal Credit Opportunity Act (hereafter "ECOA"), 15 U.S.C. §§ 1691-1691f. The motion presents a noncore proceeding that is related to a case under title 11. The parties have consented to the court entering a final order on the motion subject to review under 28 U.S.C. § 158 in accordance with 28 U.S.C. § 157(c)(2).

**I.**

The record and stipulation filed by the parties establish the following facts. The debtor, Russell H. Huston, and Edward Prater each owned a one-half interest in U.S. Insurance Group. Genesis made a loan to U.S. Insurance Group in the amount of $800,000. The debtor executed an Unconditional Guaranty in order to secure that loan on September 22, 2008. The guaranty was itself secured by a mortgage deed on certain property located at 11034 Lake Katherine Circle, Clermont, Florida. Also on September 22, 2008, Sharon K. Huston, the debtor's wife, executed a separate Limited Guaranty for the loan. Her guaranty was limited to her interest in the same Florida property, which she owned as a fellow tenant by the entirety with her husband. The Limited Guaranty was also secured with a mortgage deed on the Florida property. Ms. Huston's Limited Guaranty states that the guarantor "waives and releases . . . all defenses relating to invalidity, insufficiency, unenforceability, enforcement, release or impairment of Genesis or its affiliates' lien on any collateral, of the Loan Documents, or of any other guaranties held by Genesis."

The debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on December 5, 2009. The debtor's schedules listed several parcels of real property, including the Florida property described earlier. On May 3, 2010, the trustee filed a motion to sell the Florida property free and clear of liens. The motion was granted and the property sold. According to the trustee's Report of Sale, the sale price was $143,000. The trustee is now holding the net proceeds. The question before the court is how these proceeds should be allocated. Ms. Huston claims that she, as the debtor's nondebtor spouse, is entitled to half of the proceeds since she, along with her husband, owned the Florida property as tenants by the entirety. Genesis relies on Ms. Huston's Limited Guaranty and mortgage deed in claiming that it is entitled to the proceeds from the sale.

## II.

Ms. Huston argues that her limited guaranty and related mortgage deed are invalid under the ECOA, and specifically, 15 U.S.C. § 1691(a)(1). That provision states, in relevant part:

> It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction—
>
> > (1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract).

One "purpose of the ECOA is to eradicate credit discrimination waged against women, especially married women whom creditors traditionally refused to consider for individual credit." *Mays v. Buckeye Rural Elec. Coop., Inc.*, 277 F.3d 873, 876 (6th Cir. 2002).

The ECOA is implemented through Federal Reserve Regulation B, 12 C.F.R. §§ 202.1-202.16. Section 202.7(d)(1) of Regulation B provides:

> Except as provided in this paragraph, a creditor shall not require the signature of an applicant's spouse or other person, other than a joint applicant, on any credit instrument if the applicant qualifies under the creditor's standards of creditworthiness for the amount and terms of the credit requested. A creditor shall not deem the submission of a joint financial statement or other evidence of jointly held assets as an application for joint credit.

Under this rule, "although a creditor may require all officers of a closely held corporation to personally guaranty a corporate loan, the creditor may not automatically require that spouses of married officers also sign the guarantee." Regulation B, 68 Fed. Reg. 13144, 13192 (Mar. 18, 2003). On the other hand, "[i]f an evaluation of the financial circumstances of an officer indicates that an additional signature is necessary . . . the creditor may require the signature of another person in appropriate circumstances." *Id.*

According to the affidavits of the Hustons, no independent credit check was ever performed on the debtor prior to requiring his spouse to sign the Limited Guaranty.[1] Thus, Ms. Huston argues that Regulation B was violated, the violation rendered her limited guaranty void, and the related mortgage deed is also rendered unenforceable. *See Shammas v. Merchants Nat'l Bank*, No. 90-12217N, 1990 WL 354452, at *4-5 (Nov. 9, 1990) (finding that guaranty and related mortgage were likely void).

Regulation B, however, is not without exceptions. *See* 12 C.F.R. § 202.7(d)(1). Section 202.7(d)(4) provides:

> If an applicant requests secured credit, a creditor may require the signature of the applicant's spouse or other person on any instrument necessary, or reasonably believed by the creditor to be necessary, under applicable state law to make the property being offered as security available to satisfy the debt in the event of default, for example, an instrument to create a valid lien, pass clear title, waive inchoate rights, or assign earnings.

Ms. Huston argues that this provision is inapplicable because U.S. Insurance was the applicant and thus she was not the "applicant's spouse." This argument fails, however, because the ex-

---

[1] After the parties submitted a stipulation of facts in this case, Genesis filed another brief, together with an affidavit of Tim Doede, a portfolio manager that oversees Genesis loans. According to Mr. Doede's affidavit, Genesis reviewed the debtor's financial statement and determined that the debtor did not meet Genesis's standard of creditworthiness unless he executed a mortgage deed on the Florida property. Further, the affidavit states that Genesis did not automatically require Ms. Huston to execute the Limited Guaranty, but rather obtained it after Genesis received and reviewed U.S. Insurance Group's financial statements and determined the debtor's interest in the Florida property was insufficient to fully collateralize the obligation owed by U.S. Insurance Group to Genesis. At a prior hearing in this case, the parties stated that there appeared to be no genuine issue of material fact and that the parties would submit Ms. Huston's motion to the court for decision upon a stipulation of facts. The affidavit, however, goes beyond the stipulated facts. Nevertheless, in light of the court's ultimate ruling herein, it will not be necessary to consider the affidavit or to determine whether there was an evaluation of the financial circumstances of the debtor that indicated an additional guarantor was needed on the loan. *See also* 12 C.F.R. § 202.9(a)(3) (requiring notice to business credit applicants for certain "adverse actions").

ception covers "the applicant's spouse *or other person.*" Further, the regulations define the term "applicant," as used in the ECOA, to include "guarantors," which would certainly include the debtor. *See* 12 C.F.R. § 202.2(e). *But see Moran Foods, Inc. v. Mid-Atlantic Market Dev. Co.*, 476 F.3d 436, 441 (7th Cir. 2007) (suggesting that the meaning of "applicant" in the ECOA would not cover guarantors such as the Hustons).

The Limited Guaranty, along with the mortgage deed, falls squarely within this exception. Since the Florida property was held as a tenancy by the entirety, Florida law required both spouses' consent to make an encumbrance on the property effective. *Beal Bank, SSB v. Almand & Assocs.*, 780 So. 2d 45, 56 (Fla. 2001). Thus, Genesis needed to obtain Ms. Huston's signature, as permitted under Section 202.7(d)(4). The method Genesis chose to do this was to obtain both a guaranty, limited solely to Ms. Huston's interest in the Florida property, and a mortgage deed securing the guaranty. Through these documents, Genesis made the Florida property its collateral. Further, it did so without making Ms. Huston personally liable.

Presumably, Genesis could have achieved the same result by simply having Ms. Huston sign the mortgage deed securing the debtor's unlimited guaranty. Nonetheless, Section 202.7(d) mandates no specific method of compliance and the practical effect of either option (limited guaranty plus separate mortgage deed or signing spouse's mortgage deed) is the same: the entirety property is made amenable to process and no additional liabilities are assumed by the spouse. Thus, both approaches are equally consistent with the exception embodied in Section 202.7(d)(4), and the court will not hold otherwise simply because one method of procuring a lien required two signed forms instead of one. *Cf. Farris v. Jefferson Bank (In re Farris)*, 194 B.R. 931 (Bankr. E.D. Pa. 1996)

(applying Section 202.7(d)(4) exception to entirety property but not to promissory note making spouse *personally* liable).

In sum, the Limited Guaranty and mortgage deed were merely a way of making the Florida property available to the creditor in the event of default. Because the Limited Guaranty did not extend beyond Ms. Huston's interest in the property, the court holds that the Limited Guaranty and mortgage deed fall within the exception provided by 12 C.F.R. § 202.7(d)(4). Therefore, no violation of the ECOA occurred and the court need not address whether Ms. Huston has waived her ECOA defenses or whether the ECOA can even be invoked as an affirmative defense.[2]

### III.

For the reasons stated, the court will deny Ms. Huston's Miscellaneous Motion to Direct Distribution of Proceeds from the Sale of Real Property. Instead, the court finds that the proceeds of the sale are subject to the mortgage held by Genesis. An appropriate order will enter.

# # #

---

[2] In her final reply brief, Ms. Huston asserts a new argument, namely, that the guaranty is void for lack of consideration. The court disagrees. The first sentence of the Limited Guaranty states the consideration: "To induce Genesis to make or extend financial accommodations to or for the benefit of Borrower, which are and will be to the direct interest and advantage of the Guarantor, and in consideration of financial accommodations made, or extended to or for the benefit of Borrower, which are and will be to the direct interest and advantage of the Guarantor." The fact that Ms. Huston did not hold an ownership interest in U.S. Insurance Group at the time the loan was made does not mean that she did not receive some benefit or advantage in assuring that her husband's company received the loan. *See also* Restatement (Second) of Contracts § 88 ("A promise to be surety for the performance of a contractual obligation, made to the obligee, is binding if . . . the promise is in writing and signed by the promisor and recites a purported consideration."); *id.* § 88, cmt. b ("this Section . . . precludes inquiry into the question whether the consideration recited in a written contract of guaranty was mere formality or pretense, or whether it was in fact given.").